UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | | |
|---|---|---|
| IN RE: | : | Case No.:  17-31042  (AMN) |
| BAILEY'S EXPRESS, INC., | : | Chapter 11 |
| *Debtor* | : | |
| | : | |
| | : | |
| DAVID ALLEN, PLAN | : | |
| ADMINISTRATOR OF THE ESTATE | : | A.P. Case No.: 18-3008  (AMN) |
| OF BAILEY'S EXPRESS, INC., | : | |
| *Plaintiff* | : | |
| v. | : | |
| NORTHERN TRUCKING & | : | |
| LOGISTICS, LLC, D/B/A HW FARREN, | : | |
| *Defendant* | : | RE: AP-ECF No. 33 |
| | : | |

## MEMORANDUM OF DECISION
## AND ORDER DENYING MOTION TO SET ASIDE DEFAULT JUDGMENT

Before the Court is a motion ("Motion") filed by defendant Northern Trucking & Logistics, LLC, d/b/a/ HW Farren ("Northern Trucking") following entry of a default judgment. AP-ECF No. 33.  Because Northern Trucking has not established the default judgment should be vacated pursuant to Fed.R.Civ.P. 55(c) and 60(b)(1),[1] the Motion is denied.

### I.    PROCEDURAL HISTORY

David Allen in his capacity as Plan Administrator of the Bankruptcy Estate of Bailey's Express, Inc. ("Plaintiff") commenced this adversary proceeding on June 8, 2018. AP-ECF No. 1.  Substantively, the Plaintiff seeks to avoid and recover alleged preferential

---

[1]    Fed.R.Civ.P. 55(c) and 60(b)(1) are made applicable to this adversary proceeding by Fed.R.Bankr.P. 7055 and 9024, respectively.

transfers totaling $29,662.89 made pre-petition by Bailey's Express, Inc. ("Debtor") to Northern Trucking within the ninety (90) days prior to the filing of the bankruptcy petition. AP-ECF No. 1.  Northern Trucking failed to appear or respond to the complaint, and a default entered on July 26, 2018.  AP-ECF No. 6.  The Plaintiff thereafter filed a motion for entry of default judgment on August 6, 2018, pursuant to Fed.R.Civ.P. 55, made applicable here by Fed.R.Bankr.P. 7055.  AP-ECF No. 8.

Multiple hearings were held to consider the Plaintiff's motion for default judgment against Northern Trucking, including hearings on September 5, October 10, and November 7, 2018, and on February 19, 2019.  At each hearing, Plaintiff's counsel appeared and requested that the hearing be continued due to ongoing discussions with Northern Trucking regarding the possibility of a settlement.  No attorney appeared on behalf of Northern Trucking in this adversary proceeding until May 15, 2019.

On February 25, 2019, the Clerk inadvertently entered a default judgment against Northern Trucking, AP-ECF No. 19, and on March 1, 2019, an order entered vacating it and noting the hearing scheduled for March 6, 2019.  AP-ECF No. 21.  These events appeared on the public docket of the case, available through PACER and CM/ECF.

As with the prior four hearings, no one appeared on behalf of Northern Trucking during the March 6, 2019 hearing, and the Plaintiff requested the entry of a default judgment.  On March 13, 2019, a second default judgment entered as a result of the March 6th hearing.[2]  AP-ECF No. 29.

---

[2]    A review of the docket reveals that Northern Trucking did not receive the default judgment by either electronic notice or first-class mail.  AP-ECF Nos. 30, 31.  Counsel's representations suggest she learned of the default judgment on or before May 1, 2019.  *See* AP-ECF No. 33 p.3.

More than two months later, on May 15, 2019, counsel for Northern Trucking filed a notice of appearance and the instant Motion, including a proposed answer to the complaint filed as an exhibit. AP-ECF Nos. 33, 33-1. As relevant to the relief Northern Trucking seeks pursuant to Fed.R.Civ.P. 55(c) and 60(b)(1), Northern Trucking asserted its mistaken impression that the Plaintiff had obtained a continuance of the February 19, 2019 hearing to May 6, 2019, rather than March 6, 2019; responded to the complaint with a prospective answer together with its nine affirmative defenses to the complaint's allegations; and, argued the Plaintiff would suffer no prejudice if the default judgment were vacated. AP-ECF Nos. 33, 33-1.

The Plaintiff opposed the relief sought by arguing that any misunderstanding of the hearing date is illogical for a litany of reasons, including because the Plaintiff had expressed frustration with the lengthy settlement negotiations and only, "grudgingly agreed to a short continuance" of the February 19, 2019 hearing. AP-ECF No. 34. The Plaintiff further emphasized Northern Trucking's inaction with respect to the motion for default judgment, despite its professed belief that the hearing would take place on May 6, 2019, noting that it waited until May 15, 2019 to file the Motion. AP-ECF No. 34.

In its reply, Northern Trucking reiterated that it relied on the Plaintiff's consent to a continuance of the hearing and attached email correspondence from counsel for the Plaintiff referencing May 6, 2019, as the scheduled hearing date. AP-ECF Nos. 35, 35-1.

By way of sur-reply, the Plaintiff maintained that reliance on the email reference to May 6 was unreasonable considering the context, as shown by the series of emails between counsel, attached as Exhibits A and B. AP-ECF Nos. 36, 36-1, 36-2.

## II.    APPLICABLE LAW

Pursuant to Fed.R.Civ.P. 55(c), made applicable to this adversary proceeding by Fed.R.Bankr.P. 7055, the court may set aside a default for good cause and may vacate a default judgment under the parameters of Rule 60(b).  Rule 60(b)(1) permits a court to vacate a judgment on grounds of "mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b)(1).

"Because Rule 55(c) does not define the term 'good cause,' [the Second Circuit] ha[s] established three criteria that must be assessed in order to decide whether to relieve a party from default or from a default judgment."  *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 186 (2d Cir. 2015)(alterations in original)(quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993)).  Thus, to determine whether vacating a default judgment is appropriate, courts consider "(1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice."[3]  *N.Y. v. Green*, 420

---

[3]    Courts in the Second Circuit inquire into the degree of a party's willfulness, rather than the extent to which the default resulted from mere "mistake, inadvertence, surprise, or excusable neglect."  *See Am. Alliance Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996)("We see no reason to expand this Court's willfulness standard to include careless or negligent errors in the default judgment context.").  The District Court for the District of Connecticut further explained this distinction in *Speaks v. Donato*, 214 F.R.D. 69 (D. Conn. 2003):

> Evaluation of the excusable neglect standard of Fed.R.Civ.P. 60(b)(1) is generally instructed by the Supreme Court's decision in *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).  However, special jurisprudence has blossomed in the context of a motion under Fed.R.Civ.P. 60(b)(1) to set aside a default judgment entered under Fed.R.Civ.P. 55(b), requiring 'excusable neglect [ ] to be construed generously,' by evaluation of three criteria: '(1) whether the default was willful; (2) whether defendant has a meritorious defense; and (3) the level of prejudice that may occur to the non-defaulting party if relief is granted.'

*Speaks*, 214 F.R.D. at 73 (footnote and internal citation omitted)(alterations in original).

F.3d 99, 108 (2d Cir. 2005)(citing *State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 166–67 (2d Cir. 2004)).

In this context, willfulness "requires 'something more than mere negligence.'" *Green*, 420 F.3d at 108 (quoting *Am. Alliance Ins. Co.*, 92 F.3d at 60). Rather, willfulness refers to conduct that is "egregious and . . . not satisfactorily explained." *Bricklayers & Allied Craftworkers*, 779 F.3d at 186 (alteration in original)(quoting *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998)). The analysis of willfulness is concerned with the distinction between those defaults that are excusable and those that are not. *Am. Alliance Ins. Co.*, 92 F.3d at 61.

A showing of a meritorious defense is essential to a claim a judgment should be vacated. *Green*, 420 F.3d at 109 ("[T]he absence of such a defense is sufficient to support . . . denial of a Rule 60(b) motion.")(internal quotation marks omitted). To establish the existence of a meritorious defense, a defendant "must present evidence of facts that, if proven at trial, would constitute a complete defense." *State St. Bank*, 374 F.3d at 167 (citing *McNulty*, 137 F.3d at 740). Conclusory denials are insufficient. *Green*, 420 F.3d at 109. Consistent with the Second Circuit's "strong preference for resolving disputes on the merits," all doubts are construed in favor of the party seeking relief. *Green*, 420 F.3d at 104 (internal quotation marks omitted).

Finally, a plaintiff must demonstrate that it has incurred prejudice beyond a mere delay in proceedings. *Green*, 420 F.3d at 110 (observing that prejudice is shown where the delay will, for instance, thwart the plaintiff's recovery or otherwise lead to loss of evidence, increased difficulties during discovery, or greater opportunity for fraud or collusion).

### III.    DISCUSSION

In its Motion and subsequent reply, Northern Trucking asks the court to conclude (a) the default judgment resulted from confusion surrounding the date of the continued hearing; (b) the proposed answer articulates a meritorious defense; and, (c) the Plaintiff will suffer no prejudice.

As noted above, a willful default includes egregious conduct and conduct lacking a satisfactory explanation. Northern Trucking explained its conduct here as the result of a misunderstanding based on one email sent by opposing counsel referencing the continued hearing date as May 6, 2019. Without wading into the parties' contentions with respect to the logic or reasonableness of Northern Trucking's reliance on the date stated in the email, the court finds this explanation unsatisfactory for the following reasons.

First, information relating to ongoing bankruptcy court proceedings—including scheduled hearing dates—is accessible to any party on the electronic docket through the well-known website for CM/ECF or PACER. By simply checking the docket, a party eliminates any need to rely on the representations of opposing counsel. Northern Trucking's explanation does not address why it was unable to check the hearing date on the publicly available docket and, accordingly, is unavailing. *See, e.g.*, *Speaks v. Donato*, 214 F.R.D. 69, 74–75 (D.Conn. 2003)(finding willful conduct, or at least gross negligence, in the defendant's failure to check the docket and rejecting defendant's argument that he relied on statements of an adversary).

Second, even assuming that it believed the hearing date to be May 6, 2019, Northern Trucking did not file a motion until more than one week later. Counsel represents that she received an executed engagement agreement and deposit on

February 22, 2019; yet, she failed to enter her appearance until May 15, 2019, when she filed the motion to vacate the judgment.[4]

For these reasons, I conclude Northern Trucking's persistent inaction in response to the Plaintiff's attempts to prosecute his claims constituted willful and inexcusable delay.

With respect to the existence of a meritorious defense, review of Northern Trucking's proposed answer and nine affirmative defenses[5] reveals little alleged in the way of a defense other than formulaic recitations of various Bankruptcy Code provisions. But, such conclusory allegations and denials cannot sustain a meritorious defense. Without a showing of a meritorious defense to the Plaintiff's allegations, Northern Trucking cannot prevail on its Motion.  *See*, *e.g.*, *Bricklayers & Allied Craftworkers*, 779 F.3d at 187 ("We need not reach the question of whether the plaintiff would suffer prejudice as we are 'persuaded that the default was willful and . . . [are] unpersuaded that the defaulting party has a meritorious defense.'")(alterations in original); *see also In re Global Metallurgical, Inc.*, 327 B.R. 182, 186–87 (S.D.N.Y. 2005)(declining to vacate entry of default judgment based on only the defendant's failure to assert a complete defense to the plaintiff's allegations).[6]

Here, in light of Northern Trucking's failure to take even modest initiative to defend this action after being on notice of the complaint for many months, I am persuaded the default was willful and am unpersuaded that Northern Trucking has a meritorious defense.

---

[4]    Counsel also represents that she sought the Plan Administrator's consent to open the judgement on May 1, 2019, and received a response on May 8, 2019, but waited yet another week to file the Motion on May 15, 2019.  *See* ECF No. 33.

[5]    A tenth count claims the right to assert any other defenses in the future.

[6]    Based on Northern Trucking's failure to present a meritorious defense, discussion of the prejudice factor is unnecessary.

I have considered all other arguments made by the defendant and find them to be without

merit.

NOW THEREFORE, it is hereby

ORDERED, that the defendant's motion seeking an order setting aside the default

judgment, AP-ECF No. 33, is DENIED.

Dated on September 25, 2019, at New Haven, Connecticut.

*Ann M. Nevins*
United States Bankruptcy Judge
District of Connecticut